## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KETONATURAL PET FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | CASE NO. 2:24-cv-02046 |
| HILL'S PET NUTRITION, INC., | ) | |
| a subsidiary of COLGATE-PALMOLIVE | ) | |
| CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

## I.    **PRELIMINARY STATEMENT**

This Court should grant a stay of discovery pending resolution of Defendant Hill's Pet Nutrition, Inc.'s ("Hill's") motion to dismiss ("Motion to Dismiss") (Doc. 82), because Hill's request for dismissal is based on fully dispositive issues of law, making discovery wasteful and burdensome. Through this lawsuit, Plaintiff KetoNatural Pet Foods, Inc. ("KetoNatural") improperly seeks to chill speech of a matter of great import to pet parents: the possible connection between certain diets and a potentially lethal heart disease in dogs known as canine dilated cardiomyopathy ("DCM"). As set forth in Hill's Motion to Dismiss, for example, veterinarians' opinion and public discourse regarding that subject are not commercial speech and cannot support KetoNatural's Lanham Act false advertising claim. (Doc. 83 at 13–19.) Such opinions and discourse are not commercial speech not only because of where they appear and how they are communicated (in scholarly journals, media reports, Facebook groups, blogs, educational articles, and Continuing Education ("CE") courses), but also because they do not encourage consumers to purchase any particular brand or type of dog food, nor do they promote, disparage, or otherwise propose any sort of commercial transaction for a specific product or with any specific manufacturer. Without the underlying false advertising cause of action, KetoNatural's civil conspiracy claim also necessarily fails as a matter of law.

While the Court is deciding Hill's Motion to Dismiss, a stay is warranted on grounds routinely accepted in this District as bases for staying discovery. First, a grant of Hill's Motion to Dismiss would be dispositive of the entire action. Second, the Motion to Dismiss involves questions of law that the Court can – and must – decide on the pleadings without discovery. Third, discovery in this case would be wasteful and burdensome when Hill's Motion to Dismiss is likely to succeed, or at the very least, likely to substantially narrow the issues for discovery. Accordingly, Hill's respectfully requests that the Court exercise its discretion to stay discovery pending the

1

Court's ruling on its Motion to Dismiss.

## II.   **PROCEDURAL BACKGROUND**

On February 6, 2024, KetoNatural filed this putative class action against eight defendants including Hill's. KetoNatural asserts two causes of action: (1) false advertising under the Lanham Act (15 U.S.C. § 1125(a)), and (2) civil conspiracy under Kansas common law. It seeks an alleged $2.6 billion dollars in damages and injunctive relief. (Doc. 1.)

After filing its complaint, KetoNatural subsequently voluntarily dismissed the other seven defendants, leaving only Hill's. (Docs. 66, 75, 76, 81, 89, 91.) Those other seven defendants included five independent veterinarians who, at one time or another, published research articles investigating a potential link between diet and DCM, made statements to the press about their research, and allegedly controlled a Facebook group and third-party website that published information on the topic. (Doc. 1 at ¶¶ 22-26, 151-154, 161-162, 217-228.) They also included two non-profit institutions that allegedly funded research conducted by the individual defendants (collectively, the "Dismissed Defendants").  (Id. ¶¶ 20-21, 43-44.)

On June 17, 2024, Hill's filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 82) The Motion to Dismiss seeks dismissal of both of KetoNatural's counts with prejudice. KetoNatural filed its opposition to the Motion to Dismiss on August 16, 2024. (Doc. 98, "Opposition.") Hill's reply is due on September 13, 2024. (Doc No. 100.)

On July 26, 2024, the parties submitted a draft scheduling and discovery report to the Court. (*See* Exhibit A.) In that submission, Hill's proposed a stay of discovery pending resolution of its Motion to Dismiss and requested authorization from the Court to file a motion in support of a stay. (*Id*. at pp. 4-5.) On August 9, 2024, the Court approved Hill's request and entered a Preliminary Scheduling Order setting a briefing schedule on the proposed motion. (Doc. 96, 97 at 4.)

III.   **LEGAL STANDARD**

"The decision to stay discovery . . . is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)); *Gustafson v. Travel Guard Grp., Inc.*, 2021 WL 1209733, at *2 (D. Kan. Mar. 31, 2021). Although this district has a "general policy" not to stay discovery merely because a dispositive motion has been filed, "there are four recognized exceptions." *Watson v. Unified Sch. Dist. No. 500*, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019). Specifically, "a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit." *Id.*; *Fattaey v. Kansas State Univ.*, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

In evaluating the appropriateness of a stay, the Court is not *required* to consider the merits of the pending motion. *Gustafson*, 2021 WL 1209733, at *2 (observing court "does not and need not state an opinion as to the validity of defendant's motion to dismiss," and that "[r]ather, the Court must merely be satisfied that the case would likely be concluded should [Defendants] prevail on [their] dispositive motion" (internal citation omitted)). Nonetheless, the Court *can* consider the merits of the motion when evaluating whether a stay is appropriate. *See, e.g.*, *Hampton v. Barclays Bank Del.*, 2019 WL 11690486, at *2 (D. Kan. June 19, 2019).

IV.   **ARGUMENT**

Three of the four "recognized exceptions" to the general policy against staying discovery are present here.[1] They justify a stay of discovery while the Court decides the Motion to Dismiss.

---

[1] Hill's Motion to Dismiss does not raise issues as to Hill's immunity from suit.

3

**A.      The Lawsuit Is Likely to Be Finally Concluded by Hill's Motion to Dismiss.**

Hill's pending Motion to Dismiss, if successful, will be case dispositive. KetoNatural's Complaint includes two counts. (Doc. 1 at ¶¶ 279–309.) There can be no dispute that Hill's motion to dismiss seeks dismissal of both counts with prejudice. (Doc. 82.) This supports staying discovery. *See e.g., Jackson v. United States*, 2022 WL 17555306, at *2 (D. Kan. Dec. 9, 2022) (staying discovery pending resolution of motion to dismiss and noting, "the Court agrees that this case is likely to be finally concluded, at least significantly narrowed, once the court rules on the motion to dismiss"); *McCoy v. Burris*, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (finding stay warranted because "the Motion to Dismiss, if granted, disposes of all of plaintiff's claims"); *Schwab v. Kobach*, 2019 WL 6771779, at *2 (D. Kan. Dec. 12, 2019) (finding stay warranted where motion had potential to dispose of all plaintiffs' claims).

A stay is particularly appropriate here because Hill's Motion to Dismiss is likely to succeed in full. KetoNatural's Lanham Act claim against Hill's will fail because Plaintiff does not allege that Hill's made a false or misleading commercial statement. The allegedly false statements attributed to Hill's (as set forth in paragraphs 56, 60, 156, 203–209 of the Complaint[2]) appear in educational articles and continuing education courses for veterinarians. As discussed in the Motion to Dismiss, it is clear from reviewing the publications that their purpose is to educate consumers and veterinarians regarding pet health, not to encourage consumers to purchase or not to purchase any particular brand of dog food. (Doc. 83 at 14–16.)  As Hill's explained in its Motion to Dismiss, these materials plainly do not constitute commercial speech and thus cannot form the basis for a Lanham Act false advertising claim. (*See* Doc. 83 at 13–19.) None of the publications promote or

---

[2] KetoNatural claims that Paragraph 202 of the Complaint contained false statements published by Hill's. (Doc. 98 at 2–3.) This paragraph, however, just states that "false statements made in the journal articles above were amplified by the Defendants by citing and repeating those assertions in Defendants' subsequent academic writing." (Doc. 1 at ¶ 202.)

disparage any specific product or manufacturer or propose any sort of commercial transaction. This distinguishes the cases KetoNatural cites in its Opposition, all of which involve publications that expressly promote or disparage a specific product or manufacturer and make claims intended to influence consumers' purchasing decisions. (Doc. 98 at 4–10.)

KetoNatural's false advertising claim also will fail because KetoNatural has not identified any actionable false statements. (Doc. 83 at 19–22.) In fact, in KetoNatural's Opposition fails to identify actionable statements Hill's made but, instead attempts to hold Hill's liable for statements of scientific opinion made by some of the most well-respected veterinary cardiologists and nutritionists in the country. (Doc. 98 at 2-3, 19-23.) KetoNatural alleges only that because some people have the *opinion* that there is no evidence of a link between certain diets and DCM, any veterinarian who has expressed a contrary *opinion* is either part of or tainted by the alleged conspiracy.[3] (Doc. 98 at 10–11.) Such debate over scientific inquiry is protected speech, particularly where, as here, it relates to a matter of public concern. The Lanham Act does not support false advertising claims premised on the alleged falsity of such statements.

Hill's also cannot be held vicariously liable under the Lanham Act for the allegedly false statements of the Dismissed Defendants, because KetoNatural cannot plausibly allege an agency relationship between Hill's and those defendants. (Doc. 83 at 22-24.) In its Opposition, KetoNatural does not contend that the Dismissed Defendants are Hill's agents, but rather argues that Hill's is nonetheless vicariously liable for the statements of its alleged co-conspirators. (Doc. 98 at 2–3.) As explained in the Motion to Dismiss, this argument fails as a matter of law because

---

[3] In opposition, KetoNatural argues that the alleged absence of a peer-reviewed study means that there was no basis for anyone to opine there is a potential link. (Doc. 98 at 1.) But the absence of a peer-reviewed study does not establish literal falsity. Nor can Plaintiff seriously contend that the Lanham Act prevents veterinarians and nutritionists from alerting the FDA and the public about a potentially dangerous link between diet and DCM until the science was settled. Such a rule would needlessly risk pet health.

secondary liability under the Lanham Act does not "extend[] beyond the boundaries of standard agency theory." (Doc. 83 at 22–24); *see also L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1085 (D. Colo. 2012). Further, all of the other statements KetoNatural identifies as "false advertising" fail for the same reason as those KetoNatural attributes to Hill's: they are not commercial speech.

KetoNatural's civil conspiracy claim fails as a matter of law because if the false advertising count fails (as it should), the civil conspiracy claim fails along with it. Additionally, as discussed in the Motion to Dismiss, KetoNatural fails to allege with particularity facts sufficient to state a meeting of the minds—summarily alleging that Hill's "made it known" to [the co-defendant] veterinarians that it wanted them to create and provide support for a public fear that boutique, exotic and grain-free foods that were cutting into its market share were dangerous." (Doc. 83 at 28-29.) This type of threadbare allegation cannot support a civil conspiracy under Kansas law. And, in Opposition, KetoNatural concedes as much, but claims that its allegations would be sufficient to state a claim under the Sherman Act—a non-sequitur because KetoNatural does not assert a claim under the Sherman Act, which applies different standards. (Doc. 98 at 16.) The civil conspiracy claim is also barred by the statute of limitations. (Doc. 83 at 29–30.) In fact, KetoNatural's Opposition does not respond to Hill's statute of limitations argument, and thereby concedes it. *Spencer v. Diversicare of Sedgwick, LLC*, 2022 WL 2438387, at *7 (D. Kan. July 5, 2022) (construing "failure to respond as a concession that [the count is] subject to dismissal").

In sum, the Motion to Dismiss is likely to be case-dispositive and therefore supports a stay.

### B.   The Facts Sought Through Discovery Would Not Affect Resolution of Hill's Motion to Dismiss.

Hill's Motion to Dismiss necessarily "involve[s] questions of law, not questions of fact." *Hampton*, 2019 WL 11690486, at *2. Because the Motion to Dismiss is premised solely on the

factual allegations in the Complaint and documents incorporated thereto facts sought through discovery would not affect its resolution. This further supports a stay of discovery. *See, e.g.*, *id.* (granting stay, in part, because    discovery would not affect the resolution of the motion); *Kehler v. Ward*, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022) (granting stay in part because plaintiff "does not need discovery to respond to the pending motion").

      *First*, as noted above, the alleged false statements are not commercial speech and are not false or misleading and that can be decided as a matter of law. (Docs. 1 at ¶¶ 56, 56, 60, 156, 203–209; 83 at 13–19.) Resolution of this legal question requires the Court to analyze the alleged statements in the context of the publications in which they appear, each of which are incorporated by reference (with hyperlinks) in the Complaint, and then apply the Tenth Circuit's legal test for commercial speech set forth in *Procter & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273 (10th Cir. 2000). *See, e.g.*, *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (affirming dismissal of false advertising claims under Rule 12(b)(6) based on review of the accused advertisements and application of *Procter & Gamble*); *see also Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 540 (S.D.N.Y. 2018) (granting motion to dismiss of false advertising count under Rule 12(b)(6) based on non-commercial speech by looking at accused website and applying the Second Circuit's commercial speech test). KetoNatural's alleged claim for vicarious liability fails for the same reason its direct liability claims fail: statements that do not encourage consumers to purchase or not to purchase any particular brand of dog food and that were made to the press, posted on university websites, or posted on Facebook, are not commercial advertising. *Strauss*, 951 F.3d at 1267. No discovery is required for the Court to conduct this analysis.

      *Second*, the Court can also decide Hill's laches argument without discovery. *See Strauss v. Angie's List*, 2018 WL 5722561, at *5 (D. Kan. Nov. 1, 2018), *aff'd* 951 F.3d 1263 (10th Cir.

2020) ("[W]hen the factual allegations and dates alleged in the complaint make clear that the right sued upon has been extinguished, this issue may be resolved on a motion to dismiss."). Hill's asserts that laches bars all but one of the accused statements. (Doc. 83 at 24–26.) In its Opposition, KetoNatural primarily argues that Hill's has not shown prejudice resulting from KetoNatural's delay in filing suit. (Doc. 98 at 23–26.) However, Hill's prejudice is established by KetoNatural's **own** allegations in the Complaint, which, if taken as true (as they must at this stage), plead economic prejudice to Hill's. Therefore, the Court need not rely on any evidence outside of the Complaint to find in Hill's favor on laches.

*Third*, Hill's arguments that KetoNatural's civil conspiracy claim fails can also be decided without discovery. If the Lanham Act claim fails, then the civil conspiracy claim necessarily also fails. If the Lanham Act claim survives, the civil conspiracy claim is still barred by the two-year statute of limitations for fraud claims under K.S.A. § 60-513(a)(3), an issue that can also be resolved as a matter of law. Finally, KetoNatural's failure to plead with particularity a meeting of the minds, an essential element of a conspiracy, can be decided as a matter of law because KetoNatural concedes that it does not plead civil conspiracy with particularity. (Doc. 98 at 15–18.) Instead, it raises an inapposite legal argument that because the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), held that Sherman Act antitrust claims are subject to Rule 8's plausibility standard, KetoNatural's civil conspiracy count under Kansas common law is also subject to Rule 8's plausibility standard. (*Id.*) Whether civil conspiracy allegations must satisfy Rule 9(b) or only Rule 8 is a purely legal issue that requires no discovery.

### C. Discovery On All Issues Posed by the Complaint Would Be Wasteful and Burdensome.

A stay is also warranted here because KetoNatural's pleading defects could result in dismissal or, at the very least, narrowing of the issues, thereby "making discovery at this point

wasteful and burdensome." *Sudenga Indus., Inc. v. Glob. Indus., Inc.*, 2020 WL 1914893, at *1 (D. Kan. Apr. 20, 2020); *accord Watson*, 2019 WL 2174132, at *2.  "[B]y imposing a stay now, before discovery activities have truly begun, the Court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motion." *Schwab*, 2019 WL 6771779, at *2. Moreover, a stay of discovery "will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate and economical in this instance." *Id.*

Even if Hill's Motion to Dismiss does not result in a complete dismissal of all claims, it is likely to at the very least narrow substantially the issues for discovery. *See Hampton*, 2019 WL 11690486, at *2 (holding "judicial economy favors staying discovery because a ruling on those motions may simplify the case"). For example, dismissal of KetoNatural's civil conspiracy claim would substantially narrow the scope of the case and also eliminate the need for certain non-party discovery, because KetoNatural has no other basis to impute statements by the Dismissed Defendants to Hill's. Thus, there would be no need to obtain discovery from those parties regarding the alleged falsity of those statements. Similarly, a determination by the Court that laches bars claims based on statements published more than two years before the Complaint was filed would narrow the scope of accused statements in dispute and thereby eliminate (or at least substantially reduce) the need for discovery relating to statements outside of that two-year period. There are myriad ways in which even a partial grant of Hill's Motion to Dismiss would substantially reduce the burden of discovery on the parties, third parties, and the Court.

In fact, KetoNatural all but conceded this point in the parties' joint Rule 26(f) report. In that report, KetoNatural argued that extensive discovery will be needed on the "extent of dissemination" of the accused false "advertisements," and "whether or not the statements at issue

[in those 'advertisements'] were false." (Exhibit A at pp. 7–8.) Obviously, if the Court holds that at least some of these purported "advertisements" are not actionable against Hill's – because they are not commercial speech or are barred by laches, or because Hill's cannot be held liable for them on the basis of vicarious liability or civil conspiracy – then the purported need for discovery on the "extent of dissemination" and falsity of those non-actionable statements will be eliminated or curtailed. KetoNatural contends that the scope of non-party discovery in this case will likely include at least the seven Dismissed Defendants, the federal government, and other members of the putative class, and that expansive discovery will be needed because of its "conspiracy allegations." (*Id*. at 10–11.) Of course, if the Court dismisses KetoNatural's conspiracy claim, the need for that discovery will largely be eliminated. (*Id*.)

Finally, a short discovery stay will not prejudice either party. Discovery has not yet gotten underway, and, meanwhile, the Motion to Dismiss will be fully briefed by September 13. A stay of discovery while the motion is pending will not materially delay final resolution of this matter, where the Motion to Dismiss will likely narrow and clarify the overall scope of discovery, making it more efficient. *See Couser v. Somers*, 2019 WL 802038, at *5 (D. Kan. Feb. 21, 2019) (granting stay where discovery had not yet commenced in substance). Further, waiting for resolution of the Motion to Dismiss to undertake the most expensive and burdensome discovery tasks will redound to the benefit of both parties, by allowing them to avoid unnecessary expenditure on any matters that do not survive the Motion to Dismiss. *Schwab*, 2019 WL 6771779, at *2.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, a brief stay of discovery is warranted. Hill's has filed a dispositive Motion to Dismiss that is likely to succeed in full, and even if it only succeeds in part, it will still substantially narrow the issues for discovery in this case. A short stay will prevent wasteful and burdensome discovery for the parties, non-parties, and the Court.

Dated: August 23, 2024

Respectfully submitted,

*/s/ Brian C. Fries*
**LATHROP GPM LLP**

Brian C. Fries (15889)
Ellen C. Rudolph (27945)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
T: (816) 292-2000
F: (816) 292-2001
brian.fries@lathropgpm.com
ellen.rudolph@lathropgpm.com

**DLA PIPER LLP (US)**

Melissa A. Reinckens (*pro hac vice*)
Susan Acquista (*pro hac vice*)
4635 Executive Drive, Suite 1100
San Diego, CA 92121-2133
T: (858) 677-1400
melissa.reinckens@us.dlapiper.com
susan.acquista@us.dlapiper.com

David Horniak (*pro hac vice*)
Jenna N. Rowan (*pro hac vice*)
500 Eighth Street, N.W.
Washington, D.C. 20004
T: (202) 799-4000
david.horniak@us.dlapiper.com
jenna.rowan@us.dlapiper.com

Joshua Schwartzman
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
T: (212) 335-4500
joshua.schwartzman@us.dlapiper.com

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on the 23rd day of August, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that provides notice and service to all parties and counsel of record.

*/s/ Brian C. Fries*
An Attorney for Defendant
*Hill's Pet Nutrition, Inc.*
