IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KETONATURAL PET FOODS, INC., individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>HILL'S PET NUTRITION, INC., a subsidiary of COLGATE-PALMOLIVE CO.,<br><br>  Defendant. | Case No. 24-cv-2046-KHV-ADM |

### MEMORANDUM AND ORDER

This matter is before the court on defendant Hill's Pet Nutrition, Inc.'s ("Hill's") Motion to Stay Discovery Pending Resolution of Hill's Motion to Dismiss. (ECF 101.) By way of this motion, Hill's ask the court to stay all discovery until the court decides its pending motion to dismiss (ECF 82). Plaintiff KetoNatural Pet Foods, Inc. ("KetoNatural") opposes the requested stay. For the reasons discussed below, the court denies the motion to stay. However, such denial is without prejudice to Hill's seeking a targeted protective order to the extent it believes particular discovery requests (or categories of discovery requests) are too burdensome to undertake until there is a ruling on the motion to dismiss.

### I. BACKGROUND

On February 6, 2024, KetoNatural filed this putative class action asserting that Hill's, acting with others, undertook a scheme to falsely convince American dog owners that "non-traditional" dog foods increase the risk and severity of a deadly canine heart disease called dilated

1

cardiomyopathy.  KetoNatural asserted two causes of action: (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and (2) civil conspiracy under Kansas common law.

On June 17, Hill's responded by filing a motion to dismiss under FED. R. CIV. P. 12(b)(6).  (ECF 82.)  Hill's motion asserts, among other things, that the false-advertising claim fails because the accused statements are not commercial speech and are not false, and that the conspiracy claim fails because it is tied to the false-advertising claim and, in any event, does not plead the requisite "who, what, where, and when" necessary to state a claim.  KetoNatural opposed the motion, which is now fully briefed and pending before the presiding district judge.

On August 23, Hill's filed the current motion to stay discovery pending the court's ruling on the motion to dismiss.  Hill's notes that the ruling could dispose of the entire action or at least substantially narrow the issues for discovery, and as a result, proceeding with discovery would be wasteful and burdensome.  KetoNatural opposes a discovery stay.  It argues that the motion to dismiss lacks merit and is unlikely to be granted, and that Hill's "burdensome" argument is speculative and not supported.

## II.  LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (quotation omitted)).  Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c)(1); *see also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D.

Kan. 1990) (discussing Rule 26(c)).  Stays are disfavored, however, because they "can delay a timely resolution of the action."  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020).  Further, "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending.  *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion.").  "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally."  *Cont'l Ill.*, 130 F.R.D. at 148.  A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit."  *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023).  "The proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

**III.     ANALYSIS**

Hill's asserts that a stay is appropriate here because its motion to dismiss, "if successful, will be case dispositive." (ECF 102, at 5.)  Hill's points out that at least some of the arguments in its motion to dismiss seek full dismissal with prejudice of both counts in the complaint. (ECF 109, at 2.)  Hill's also argues that discovery is unnecessary to resolve the dispositive motion because the challenges presented therein are legal challenges that do not depend on facts sought through discovery.  Finally, Hill's asserts that KetoNatural's "pleading defects could result in dismissal or, at the very least, narrowing of issues, thereby making discovery at this point wasteful and burdensome." (ECF 102, at 9-10 (internal quotation and citation omitted).)  Hill's suggests that KetoNatural will seek "expansive, industry-wide discovery." (ECF 109, at 4 (citing KetoNatural's position in the parties' proposed scheduling order).)

The court has reviewed the briefing on the pending dispositive motion.  With respect to each of Hill's arguments for dismissal, KetoNatural's response brief asserts viable counter arguments.  Thus, the court is not persuaded that the case is likely to be fully resolved via the pending motion to dismiss, at least not any more so than when reviewing motions to dismiss filed in other cases.  The court does not presume to predict how the district judge will rule, but KetoNatural raises what appear to be legitimate arguments against dismissal at the pleading stage. It is true that the ruling on the motion to dismiss might trim down the case a bit, but then discovery will still be necessary to resolve the case in its entirety.  Quite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court.  In view of the above, the court cannot conclude that it is *likely* that the case will be resolved upon the district judge's ruling.  *See Green v. Blake*, No. 18-

2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

Hill's also has not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although Hill's asserts that discovery will be "burdensome," the burden is purely speculative at this juncture. Should Hill's find that particular discovery requests (or categories of discovery requests) present a tangible and articulable undue burden, Hill's is not foreclosed from seeking a protective order. *See Simmons v. Cline*, No. 20-3096-HLT-ADM, 2021 WL 1650270, at *3 (D. Kan. Apr. 27, 2021). Should this situation arise, Hill's is directed to meet and confer with KetoNatural to see if the parties can reach an agreement on whether the specific discovery can be delayed until after a ruling on the motion to dismiss. If the parties cannot reach agreement, Hill's may seek a discovery conference by emailing the undersigned judge's chambers. To be clear, the court is not inviting a broad-reaching motion for a protective order. Rather, Hill's should only pursue additional relief if it can demonstrate that there are particular areas of requested discovery that are too onerous to undertake unless and until the court rules its motion to dismiss.

In sum, Hill's has not met its burden to demonstrate that this is an exceptional case warranting a discovery stay. KetoNatural filed this action seven-and-a-half months ago and has a right to see it proceed in a timely manner, absent a strong showing by the movant. For the reasons discussed above, the court denies Hill's motion to stay.

**IT IS THEREFORE ORDERED** that Hill's Motion to Stay Discovery Pending Resolution of Hill's Motion to Dismiss (ECF 101) is denied.

Dated September 23, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge